# United States Court of Appeals
# for the Fifth Circuit

———————————

No. 24-50204
Summary Calendar

———————————

United States Court of Appeals
Fifth Circuit

**FILED**
February 24, 2025

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

*Plaintiff—Appellee*,

*versus*

TERRANCE EARL JONES, JR.,

*Defendant—Appellant*.

———————————————————————

Appeal from the United States District Court
for the Western District of Texas
USDC No. 7:23-CR-154-1

———————————————————————

Before SMITH, STEWART, and DUNCAN, *Circuit Judges*.

PER CURIAM:[*]

Terrance Earl Jones, Jr., pleaded guilty to possessing a firearm as a convicted felon, in violation of 18 U.S.C. § 922(g)(1). He was sentenced to 51 months of imprisonment, to be followed by three years of supervised release. On appeal, he argues that § 922(g)(1) violates the Second Amendment on its face and as applied to him in light of *New York State Rifle*

———————————————

[*] This opinion is not designated for publication. *See* 5TH CIR. R. 47.5.

No. 24-50204

*& Pistol Ass'n, Inc. v. Bruen*, 597 U.S. 1 (2022). He also contends that the statute exceeds Congress's power under the Commerce Clause.

Jones correctly concedes that his facial Second Amendment challenge is foreclosed. *See United States v. Contreras*, 125 F.4th 725, 729 (5th Cir. 2025). Also, because he was serving a term of probation when he violated § 922(g)(1), the statute is constitutional as applied to him. *See id.* at 732-33; *United States v. Giglio*, 126 F.4th 1039, 1043-46 (5th Cir. 2025). Finally, as Jones correctly concedes, his Commerce Clause challenge is foreclosed. *See United States v. Diaz*, 116 F.4th 458, 462 (5th Cir. 2024).

AFFIRMED.